UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUNTAIR, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 6890 |
| ) | |
| vs. ) | The Honorable David H. Coar |
| ) | |
| CLIMATECRAFT, INC. ) | Magistrate Judge Morton Denlow |
| ) | |
| Defendant. ) | |

**[PROPOSED] PROTECTIVE ORDER**

Under the Local Rules of this Court and the Federal Rules of Civil Procedure, Plaintiff Huntair, Inc. ("Huntair") and Defendant ClimateCraft, Inc. ("ClimateCraft") have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secrets and other confidential research, development, or commercial information that may be produced or otherwise disclosed by them, or by any third party, during the course of this litigation. The following procedures shall govern the disclosure, dissemination, handling, examination, review, and use of documents, testimony, and other discovery materials disclosed by the parties and party witnesses, including expert witnesses, during the course of pre-trial, trial, and post-trial proceedings in this litigation.

In support of this Order, the Court finds that:

(1)     Documents or information containing confidential, proprietary and business information and/or trade secrets that bear significantly on the parties claims or defenses are likely to be disclosed or produced in the course of discovery in this litigation;

(2)   The parties to this litigation may assert that public dissemination and disclosure of confidential information could severely injure or damage the party disclosing or producing the confidential information and could place that party at a competitive disadvantage;

(3)   Counsel for the party receiving confidential information are presently without sufficient information to accept the representation made by the party producing confidential information as to the confidential, proprietary and/or trade secret nature of such confidential information; and

(4)   To protect the respective interests of the parties and to facilitate the progress of discovery and disclosure in this litigation, the following Order should issue.

Upon consideration of the record and proceedings herein and stipulation of the parties, IT IS ORDERED THAT:

(1)   Any documents (whether in hard copy or computer readable form), or portion thereof, things, deposition testimony, responses to requests for production, any type of evidence, and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure ("Discovery Material") which, in the good-faith opinion of any party providing such material or a third-party producing Discovery Material in response to a subpoena (the "Designating Party"), contains any trade secret or other confidential or proprietary research, development, or commercial information may be designated by the Designating Party as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" as defined in paragraph 2 (collectively or singularly referred to as "Protected Information").

(2)   Any discovery material that contains any trade secret or other non-public confidential or proprietary research, development, technical, compilation or commercial information may be designated by the Producing Party as CONFIDENTIAL INFORMATION.

The parties may designate any Discovery Material that contains especially sensitive confidential financial, pricing, customer and potential customer and planning information as HIGHLY CONFIDENTIAL INFORMATION. The HIGHLY CONFIDENTIAL INFORMATION designation shall be made in good faith and shall be reserved for confidential information that constitutes, reflects, or concerns business, financial, sales, cost, projections or other commercial information that is considered by the parties to be highly sensitive, the disclosure of which is likely to cause harm to the competitive position of the producing party or confidential information that is protected by a legally protected right of privacy.

　　　　(3)　　Protected Information shall not include any Discovery Materials that

　　　　(a)　　Have been or become lawfully in the possession of the party receiving the same ("Receiving Party") through communications other than production or disclosure in this litigation; or

　　　　(b)　　Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party.

　　　　(4)　　Protected Information may be designated as subject to this Order as follows:

　　　　(a)　　With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any Protected Information appears with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Other designations may also be used to identify the confidentiality of information providing their meaning is clear. For example, the designations "CONFIDENTIAL—FOR COUNSEL ONLY" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" and CONFIDENTIAL—OUTSIDE COUNSEL ONLY" shall have the same meaning as HIGHLY CONFIDENTIAL as used herein. To the extent practical, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation

shall be placed near the Bates number, or centered at the bottom of a page where the Bates number is right-justified at the bottom of the page.

        (b)      To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Designating Party may designate such matters as confidential by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" designation.

        (c)      In lieu of marking the original of a document which contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to inspection, counsel for the Designating Party may in writing designate documents being produced for inspection as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, thereby making them subject to this Order; however, any copies of such documents must be marked by the Designating Party in accordance with subparagraph 3(a) at the time copies are provided.

        (d)      Testimony or information disclosed at a deposition may be designated by a party as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by indicating on the record at the deposition the specific testimony which contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that is to be made subject to the provisions of this Order. Whenever possible, the stenographic reporter

shall be requested to separate those portions of the transcript containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and separately bind them from each other and from the non-confidential portions.  Alternatively, a party may designate testimony or information disclosed at a deposition as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by notifying the other parties, in writing, within thirty (30) calendar days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control.  Whether or not designation is made at the time of a deposition, all depositions shall be treated as HIGHLY CONFIDENTIAL INFORMATION from the taking of the deposition until thirty (30) calendar days after receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

      (e)    Notwithstanding the foregoing, any employee of a party who is not authorized to receive Protected Information under paragraphs 3 through 4 and who would otherwise be permitted to attend under the Federal Rules of Civil Procedure and Federal Rules of Evidence may attend a deposition at which Protected Information may be disclosed.  In such event, a party desiring to designate specific testimony or information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION must do so by indicating on the record at the deposition that such testimony or information is subject to the provisions of this Order.  The Designating Party shall have the right to exclude such persons from the deposition only during the period any Protected Information is disclosed or discussed.

CH1 4251628v.1

(f) In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, information contained therein may be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by prominently marking such paper with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or a marking of like import. Effort shall be made to designate only those portions of such materials to which the designation pertains.

(g) If a document has more than one designation, the more restrictive designation applies.

(5) HIGHLY CONFIDENTIAL INFORMATION and any analysis or report containing HIGHLY CONFIDENTIAL INFORMATION may be made available to and inspected by:

(a) Outside counsel of record (attorneys who have entered appearances in the litigation and who are not employed by Plaintiff or any affiliate of Plaintiff, or Defendant or any affiliate of Defendant), and employees and agents thereof whose duties and responsibilities require access to such materials.

(b) Independent consultants and experts, and their staff, stenographic and clerical employees whose duties require access to such materials, retained by or for the parties and their counsel, including scientific and technical consultants, jury consultants and accounting or financial consultants or experts, who are employed to furnish expert or technical services or to give expert testimony with regard to this action and not otherwise affiliated in any way with a party.

(c) Vendors retained by or for the parties for preparing audiovisual aids, *e.g.*, exhibits, models, graphics, and video-tapes for use in the court room, as well as their staff,

stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation.

   (d)  The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this action.

   (e)  Outside document copying services and/or document coding or computerization services for the specific and limited purpose of providing photocopies or document coding or computerization services, who agree to be bound by this protective order.

   (f)  Any person carrying on an insurance business who may be liable to satisfy all or part of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy any judgment.

 (6)  CONFIDENTIAL INFORMATION may be made available to and inspected by:

   (a)  Individuals described in paragraph 3.

   (b)  For each party, a total of up to four (4) designated employees of the party, whose names are listed below and who now have responsibility for maintaining, defending or evaluating this litigation (but who do not have direct responsibility for prosecuting patent applications):

     (1)  For Plaintiff, Dave Benson, James Tarala, John Albert and Kevin Donnelly;

     (2)  For Defendant, David Shear, Joseph Cappello and Walter Mecozzi.

 (7)  As a condition precedent to disclosure of CONFIDENTIAL INFORMATION to any persons described in paragraphs 4(b), he or she must sign the Secrecy Agreement attached as Exhibit A.

CH1 4251628v.1

(8)     As a condition precedent to disclosure of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION to any persons described in paragraph 3(b) or 3(c), he or she must sign the Secrecy Agreement attached as Exhibit A.  Staff, stenographic and clerical employees of the vendors need not each sign the Secrecy Agreement so long as the vendors each execute the Secrecy Agreement and each staff, stenographic and clerical employee receives the following confidential notice:

> I understand that material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL is governed by a Protective Order and may not be copied, disclosed, distributed, discussed, used or retained except for the direct and immediate purposes of the litigation captioned *Huntair, Inc. v. ClimateCraft, Inc*.

(9)     As a condition precedent to disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the independent consultants and experts described in paragraph 3(b) (except for jury consultants), the Receiving Party must comply with the following procedure:

(a)     Before receiving any Protected Information the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the secrecy agreement form attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.

(b)     Outside counsel for the Receiving Party shall furnish a copy of the executed secrecy agreement form to the Disclosing Party, along with a curriculum vitae of the person, setting forth his or her name, address, qualifications, relevant work experience and affiliations.

(c)     If the Disclosing Party objects to the disclosure of Protected Information to the particular person, it shall provide the basis for its objection in writing within ten (10)

business days of receipt of the submission of the executed secrecy agreement and curriculum vitae.  If the Disclosing Party does not object in writing within ten (10) days from receipt of the executed secrecy agreement and the curriculum vitae, Protected Information may then be disclosed to the retained expert or consultant.  If the Disclosing Party does make a timely objection, the parties shall meet and confer in good faith to resolve the disclosure issues within five (5) business days of receipt of the Disclosing Party's written objection.  If this issue cannot be resolved, the party objecting to the disclosure shall, within five (5) business days after the parties' meet and confer, file an appropriate motion with the Court seeking to bar access to Protected Information by the retained expert or consultant.  If no motion is filed within five (5) business days, then any objection to the expert or consultant shall be waived, and Protected Information may thereafter be disclosed to that expert or consultant.  If a timely motion is filed by the objecting party, no disclosure of Protected Information shall be made to the objected-to expert or consultant while the motion is pending.  The objecting party shall have the burden of persuasion that disclosure should not be made.  Consent to the disclosure shall not be unreasonably withheld.

(10)    For jury consultants to have access to Protected Information, they must execute the secrecy agreement form attached hereto as Exhibit A, but the identity of the jury consultant and Exhibit A need not be shared with, and the jury consultant need not be approved by, the Disclosing Party.

(11)    The disclosure of the identity of a consultant or an expert pursuant to paragraph 8 will not be a waiver of any privilege, protection or right to withhold or shield from discovery that applies to that person, or communication or work product involving that person.  Furthermore,

the parties agree that by stipulating to the entry of this Order, the parties do not intend to modify in any way the normal discovery rules applicable to consultants or experts.

(12)   All designations of Discovery Material as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the Receiving Party, or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of a claim to such designation, and a party may so designate Discovery Material thereafter subject to the protections of this Protective Order.

(13)   Inadvertent (*i.e.*, unintentional) production of documents (including physical objects) subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Designating Party shall notify the Receiving Party in writing of such inadvertent production promptly after the Designating Party discovers such inadvertent production.  After notification is made, the Receiving Party shall immediately return to the Designating Party all copies of such inadvertently produced documents and shall immediately confirm in writing that all electronic copies have been deleted or destroyed.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity designation by promptly filing an appropriate motion with the Court, but the Receiving Party shall not challenge the proprietary of the privilege or immunity designation on the grounds that the privilege or immunity was waived by production of the document.  If no such challenge is brought, or if any such challenge is unsuccessful, no use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy such documents.  Furthermore, if no such challenge is brought, or if any such challenge is

unsuccessful, the Receiving Party shall promptly confirm in writing that any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information have been deleted and/or destroyed.

(14) Protected Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this litigation and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than to Qualified Persons, and subject to the restrictions in paragraphs 5 through 6 of this Protective Order. Protected Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

(15) Any person in possession of Protected Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Protected Information in order to ensure that the confidential nature of the same is maintained.

(16) If Protected Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and make every reasonable effort to retrieve such Protected Information and to prevent further disclosure.

(17) Any pleading, paper or other documents filed in this litigation which contains or discloses Protected Information shall be filed with the Clerk's Office and placed under seal in accordance with Civil Local Rule 5.8. Documents can be placed under Seal by submitting them with a cover sheet containing (a) the caption for this action, (b) the title or description of the document or object; and (c) the words "CONFIDENTIAL -- FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL -- FILED UNDER

11

SEAL PURSUANT TO PROTECTIVE ORDER." Any document or object submitted with such a cover sheet will be maintained under seal by the Clerk's Office.

(18) Entering into, agreeing to and/or producing or receiving Protected Information or otherwise complying with the terms of this Order shall not:

(a) Operate as an admission by any party that any Discovery Material designated as Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

(b) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Information;

(c) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

(d) Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Protected Information should be subject to the terms of this Protective Order;

(e) Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Protected Information;

(f) Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Protected Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

12

(g) Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as Protected Information by that party.

(19) The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to challenge or object to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation shall not be deemed a waiver of its right to challenge or object to the designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and may request permission to use or disclose information with the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the Designating Party at least five (5) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted. Such request shall specifically identify the Protected Information, including Bates label, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within five (5) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

13

(20) All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of this litigation, including all appeals, until further Order of the Court, unless the parties and any third party from whom documents are produced agree otherwise in writing.

(21) Any and all originals and copies of Discovery Materials designated CONFIDENTIAL shall, at the request of the Designating Party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this litigation, or, at the option of the Designating Party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, one copy of each piece of correspondence, and documents constituting work product which were internally generated based upon or which include Protected Information. In the event that outside counsel maintains such documents, it shall not disclose material maintaining any type of Protected Information to another party or third party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Information. In the event that documents are returned to or destroyed at the request of the Designating Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

(22)   Third parties who produce information in this litigation may avail themselves of the provisions of this Protective Order and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

(23)   This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

(24)   Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

Dated: April 25, 2008                                    Respectfully submitted,

                                                  /s/ Richard T. McCaulley Jr.
David T. Pritikin
Richard T. McCaulley Jr.
Stephanie P. Koh
Nicole E. Kopinski
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:     (312) 853-7000
Facsimile:     (312) 853-7036
dpritikin@sidley.com
rmccaulley@sidley.com
skoh@sidley.com
nkopinski@sidley.com

Carrie W. Cotter
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone     (415) 772-1200
Facsimile     (415) 772-7400
ccotter@sidley.com

*Attorneys for Huntair, Inc.*

Dated: April 25, 2008                                    Respectfully submitted,

                                                  /s/ Charles C. Kinne
Charles C. Kinne
KINNE IP GROUP
1240 Iroquois Avenue
Suite 204
Naperville, IL  60563
Telephone:     (630) 904-0940
Facsimile:     (888) 887-7158
ckinne@kinnelaw.com

*Attorney for ClimateCraft, Inc.*

BY THE COURT:

_____
The Honorable David H. Coar
United States District Judge

CH1 4251628v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of April, 2008, I caused a copy of the foregoing document to be served by United States mail, first class postage prepaid, upon:

>Charles C. Kinne
>KINNE IP GROUP
>1240 Iroquois Avenue
>Suite 204
>Naperville, IL  60563
>Telephone:    (630) 904-0940
>Facsimile:    (888) 887-7158
>ckinne@kinnelaw.com
>
>*Attorney for Defendants*

>/s/ Richard T. McCaulley Jr.
>Attorney for Plaintiff

# EXHIBIT A

# SECRECY AGREEMENT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HUNTAIR, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6890 |
| | ) | |
| vs. | ) | The Honorable David H. Coar |
| | ) | |
| CLIMATECRAFT, INC. | ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendant. | ) | |

I, _____, state:

I reside at _____.

I have read the Stipulated Protective Order dated _____, 2008, and have been engaged as a _____ on behalf of _____ in the preparation and conduct of the action *Huntair. Inc. v. ClimateCraft, Inc.*, Case No. 07 C 6890, United States District of the Northern District of Illinois.

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any designated Protected Information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any designated Protected Information are to be returned to counsel who provided me with such material. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this litigation, any information obtained

pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.  I agree to submit to the jurisdiction of the Court for purposes of enforcement of the Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ___ day of _____, 2008.

_____

CH1 4251628v.1