IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HUNTAIR, INC., | ) | Civil Action No. 07 C 6890 |
| | ) | |
| Plaintiff, | ) | The Honorable David H. Coar |
| | ) | |
| v. | ) | Magistrate Judge Morton Denlow |
| | ) | |
| CLIMATECRAFT, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**CLIMATECRAFT, INC.'S AMENDED ANSWER, COUNTERCLAIMS AND JURY DEMAND TO HUNTAIR'S COMPLAINT**

Defendant, ClimateCraft, Inc. ("ClimateCraft"), by and through its attorneys, and for its Amended Answer and Counterclaims against Plaintiff, Huntair, Inc. ("Huntair"), states as follows:

**JURISDICTION AND VENUE**

**Plaintiff's Paragraph No. 1:**

This action arises under the patent laws of the United States, Title 35, United States Code.

**ClimateCraft's Response to Plaintiff's Paragraph No. 1:**

ClimateCraft admits that the action purports to arise under the statutes cited in the preceding paragraph, but denies that there is any merit to the claim being made.

**Plaintiff's Paragraph No. 2:**

This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ClimateCraft's Response to Plaintiff's Paragraph No. 2:**

ClimateCraft admits that subject matter jurisdiction purports to arise under the statutes cited in the preceding paragraph, but denies that there is any merit to the claim being made.

**Plaintiff's Paragraph No. 3:**

Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ClimateCraft's Response to Plaintiff's Paragraph No. 3:**

ClimateCraft admits that venue would be proper under the statutes cited in the preceding paragraph, but denies that there is any merit to the claim being made.

## The Parties

**Plaintiff's Paragraph No. 4:**

Plaintiff Huntair, a corporation organized and existing under the laws of the state of Delaware, is a subsidiary of the CES Group, Inc., and has headquarters at 11555 S.W. Myslony St., Tualatin, Oregon, 97062.

**ClimateCraft's Response to Plaintiff's Paragraph No. 4:**

ClimateCraft is without knowledge or information sufficient to form a belief as to the truth of the allegations of the foregoing Paragraph of Huntair's Complaint, and, therefore, denies those allegations.

**Plaintiff's Paragraph No. 5:**

Huntair manufactures, markets and distributes custom air handlers and related products for commercial and cleanroom applications.

**ClimateCraft's Response to Plaintiff's Paragraph No. 5:**

ClimateCraft is without knowledge or information sufficient to form a belief as to the truth of the allegations of the foregoing Paragraph of Huntair's Complaint, and, therefore, denies those allegations.

**Plaintiff's Paragraph No. 6:**

    Upon information and belief, Defendant ClimateCraft is a subsidiary of LSB Industries, Inc., and is based at 518 N. Indiana Ave., Oklahoma City, Oklahoma, 73106.  Upon information and belief, ClimateCraft provides custom air handlers for commercial buildings.

**ClimateCraft's Response to Plaintiff's Paragraph No. 6:**

    ClimateCraft admits the allegations of the foregoing Paragraph of Huntair's Complaint.

**PATENTS-IN-SUIT**

**Plaintiff's Paragraph No. 7:**

    On November 21, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,137,775 B2 ("the '775 patent"), entitled "Fan array fan section in air-handling systems."  Huntair is the owner by assignment of all right, title and interest in and to the '775 patent.  A copy of the '775 patent is attached as Exhibit A.

**ClimateCraft's Response to Plaintiff's Paragraph No. 7:**

    ClimateCraft admits that U.S. Patent No. 7,137,775 states on its face that it issued on November 21, 2006, and is entitled "Fan array fan section in air-handling systems," and further that a copy of the '775 patent appears to be attached to the Complaint, but ClimateCraft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the foregoing Paragraph of the Complaint, and, therefore, denies those allegations.

**Plaintiff's Paragraph No. 8:**

    On February 20, 2007, the USPTO duly and legally issued United States Patent No. 7,179,046 B2 ("the '046 patent"), also entitled "Fan array fan section in air-handling systems."  Huntair is the owner by assignment of all right, title and interest in and to the '046 patent.  A copy of the '046 patent is attached as Exhibit B.

**ClimateCraft's Response to Plaintiff's Paragraph No. 8:**

    ClimateCraft admits that U.S. Patent No. 7,179,046 states on its face that it issued on February 20, 2007, and is entitled "Fan array fan section in air-handling systems," and further that

a copy of the '046 patent appears to be attached to the Complaint, but ClimateCraft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the foregoing Paragraph of the Complaint, and, therefore, denies those allegations.

### COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 7,137,775 B2

**Plaintiff's Paragraph No. 9:**

Plaintiff repeats and realleges paragraphs 1-8 as though fully set forth herein.

**ClimateCraft's Response to Plaintiff's Paragraph No. 9:**

ClimateCraft restates and realleges the responses it has made to Paragraphs 1 through 8, *supra*.

**Plaintiff's Paragraph No. 10:**

Upon information and belief, Defendant is and continues to be directly infringing, contributorily infringing, and/or inducing infringement of the '775 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license from Plaintiff, fan arrays in this district and elsewhere in the United States, which embody, incorporate, or otherwise practice one or more claims of the '775 patent.

**ClimateCraft's Response to Plaintiff's Paragraph No. 10:**

ClimateCraft denies the allegations of the foregoing Paragraph of Huntair's Complaint.

**Plaintiff's Paragraph No. 11:**

Upon information and belief, in its bid to obtain a contract to install an array of fans in the Northwest Community Hospital, located in Arlington Heights, Illinois, ClimateCraft offered to utilize a fan system that contains, embodies, and employs the invention described and claimed in the '775 patent.

**ClimateCraft's Response to Plaintiff's Paragraph No. 11:**

ClimateCraft denies the allegations of the foregoing Paragraph of Huntair's Complaint.

**Plaintiff's Paragraph No. 12:**

Climatecraft's conduct constitutes infringement, as provided by 35 U.S.C. § 271, of one or more claims of the '775 patent.

4

**ClimateCraft's Response to Plaintiff's Paragraph No. 12:**

>ClimateCraft denies the allegations of the foregoing Paragraph of Huntair's Complaint.

**Plaintiff's Paragraph No. 13:**

>As a result of this infringement, Plaintiff has been damaged and deprived of the gains and profits to which it is entitled. Furthermore, Plaintiff will continue to be damaged unless this Court enjoins Climatecraft's infringing conduct.

**ClimateCraft's Response to Plaintiff's Paragraph No. 13:**

>ClimateCraft denies the allegations of the foregoing Paragraph of Huntair's Complaint.

### COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 7,179,046 B2

**Plaintiff's Paragraph No. 14:**

>Plaintiff repeats and realleges paragraphs 1-13 as though fully set forth herein.

**ClimateCraft's Response to Plaintiff's Paragraph No. 14:**

>ClimateCraft restates and realleges the responses it has made to Paragraphs 1 through 13,

*supra*.

**Plaintiff's Paragraph No. 15:**

>Upon information and belief, Defendant is and continues to be directly infringing, contributorily infringing, and/or inducing infringement of the '046 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license from Plaintiff, fan arrays in this district and elsewhere in the United States, which embody, incorporate, or otherwise practice one or more claims of the '046 patent.

**ClimateCraft's Response to Plaintiff's Paragraph No. 15:**

>ClimateCraft denies the allegations of the foregoing Paragraph of Huntair's Complaint.

**Plaintiff's Paragraph No. 16:**

>Upon information and belief, in its bid to obtain a contract to install an array of fans in the Northwest Community Hospital, located in Arlington Heights, Illinois, ClimateCraft offered to utilize a fan system that contains, embodies, and employs the invention described and claimed in the '046 patent.

5

**ClimateCraft's Response to Plaintiff's Paragraph No. 16:**

    ClimateCraft denies the allegations of the foregoing Paragraph of Huntair's Complaint.

**Plaintiff's Paragraph No. 17:**

    Climatecraft's conduct constitutes infringement, as provided by 35 U.S.C. §217, of one or more claims of the '046 patent.

**ClimateCraft's Response to Plaintiff's Paragraph No. 17:**

    ClimateCraft denies the allegations of the foregoing Paragraph of Huntair's Complaint.

**Plaintiff's Paragraph No. 18:**

    As a result of this infringement, Plaintiff has been damaged and deprived of the gains and profits to which it is entitled. Furthermore, Plaintiff will continue to be damaged unless this Court enjoins Climatecraft's infringing conduct.

**ClimateCraft's Response to Plaintiff's Paragraph No. 18:**

    ClimateCraft denies the allegations of the foregoing Paragraph of Huntair's Complaint.

**CLIMATECRAFT'S FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to set forth a cause of action upon which relief can be granted.

**CLIMATECRAFT'S SECOND AFFIRMATIVE DEFENSE**

No claim of either patent in suit is infringed, either literally or under the doctrine of equivalents.

**CLIMATECRAFT'S THIRD AFFIRMATIVE DEFENSE**

The claims of the patents in suit are invalid pursuant to 35 U.S.C. §§ 102, 103 and/or 112.

**CLIMATECRAFT'S FOURTH AFFIRMATIVE DEFENSE**

The claims of the patent in suit are unenforceable due to inequitable conduct, as the applicant withheld material information from and/or misrepresented material information to the

U.S. Patent and Trademark Office ("PTO") with the intent to deceive. Upon information and belief, this information includes withheld knowledge of and/or misrepresentations regarding prior art. ClimateCraft reserves the right to gather and rely on further evidence in support of its assertion that the patents in suit was procured through inequitable conduct and is therefore unenforceable.

### PRAYER FOR RELIEF

By reason of the foregoing, ClimateCraft requests judgment as follows:

1. Dismissing Plaintiff's Complaint in its entirety;

2. Declaring that ClimateCraft has not infringed and does not infringe any valid claim of the '775 Patent;

3. Declaring that the '775 Patent is invalid;

4. Declaring that the '775 Patent is unenforceable;

5. Declaring that ClimateCraft has not infringed and does not infringe any valid claim of the '046 Patent;

6. Declaring that the '046 Patent is invalid;

7. Declaring that the '046 Patent is unenforceable;

8. Declaring this case to be exceptional and awarding ClimateCraft its costs and its litigation expenses, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

9. Granting such other and further relief as the Court may deem just and equitable.

## COUNTERCLAIMS

### NATURE OF COUNTERCLAIM

Without waiving the foregoing Defenses, ClimateCraft asserts the following counterclaims alternatively seeking a declaration of ClimateCraft's non-infringement of both the '775 Patent and the '046 Patent and/or the invalidity or unenforceability of said patents as a matter of law and fact.

### FACTUAL ALLEGATIONS

1. Counterplaintiff, ClimateCraft, Inc. ("ClimateCraft"), is based at 518 N. Indiana Ave., Oklahoma City, Oklahoma 73106.

2. Counterdefendant, Huntair, Inc. ("Huntair"), alleges in the Complaint that it is a corporation organized and existing under the laws of the state of Delaware, is a subsidiary of the CES Group, Inc., and has headquarters at 11555 S.W. Myslony St., Tualatin, Oregon 97062.

3. Huntair alleges in the Complaint that it is the sole owner of the '775 Patent.

4. Huntair asserts that it has standing to sue for infringement of the '775 Patent.

5. In the Complaint, Huntair alleges that ClimateCraft has infringed the '775 Patent.

6. Huntair alleges in the Complaint that it is the sole owner of the '046 Patent.

7. Huntair asserts that it has standing to sue for infringement of the '046 Patent.

8. In the Complaint, Huntair alleges that ClimateCraft has infringed the '775 Patent.

9. In the Complaint, Huntair alleges that ClimateCraft has infringed the '046 Patent.

10. This Counterclaim arises under the patent laws, Title 35 of the United States Code, and is a claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 of patent non-infringement, invalidity, and unenforceability. This Court has jurisdiction of this Counterclaim under 28 U.S.C. §§ 1331 and 1338(a) and under the patent laws.

11. As evidenced by the Complaint, an actual and justiciable controversy exists between ClimateCraft and Huntair with respect to the non-infringement, invalidity and unenforceability of the '775 Patent, and Huntair's alleged right to assert the '775 Patent against ClimateCraft and obtain relief therefrom.

12. Absent a declaration of non-infringement, invalidity and unenforceability, Huntair will continue to wrongfully assert the '775 Patent against ClimateCraft, and thereby cause ClimateCraft irreparable injury and damages.

13. As evidenced by the Complaint, an actual and justiciable controversy exists between ClimateCraft and Huntair with respect to the non-infringement, invalidity and unenforceability of the '046 Patent, and Huntair's alleged right to assert the '046 Patent against ClimateCraft and obtain relief therefrom.

14. Absent a declaration of non-infringement, invalidity and unenforceability, Huntair will continue to wrongfully assert the '046 Patent against ClimateCraft, and thereby cause ClimateCraft irreparable injury and damages.

15. Venue is proper in this district because by filing its Complaint, Huntair has submitted to the venue and jurisdiction of this Court.

## FIRST COUNTERCLAIM

16. ClimateCraft realleges paragraphs 1 through 15 above.

17. The '775 Patent is invalid for failure to meet the requirements of patentability of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**SECOND COUNTERCLAIM**

18.     ClimateCraft realleges paragraphs 1 through 15 above.

19.     ClimateCraft does not infringe and has not infringed the '775 Patent.

**THIRD COUNTERCLAIM**

20.     ClimateCraft realleges paragraphs 1 through 15 above.

21.     The claims of the '775 Patent are unenforceable due to inequitable conduct, , as the applicant withheld material information from and/or misrepresented material information to the U.S. Patent and Trademark Office ("PTO") with the intent to deceive.  Upon information and belief, this information includes withheld knowledge of and/or misrepresentations regarding prior art.  ClimateCraft reserves the right to gather and rely on further evidence in support of its assertion that the patents in suit was procured through inequitable conduct and is therefore unenforceable.

**FOURTH COUNTERCLAIM**

22.     ClimateCraft realleges paragraphs 1 through 15 above.

23.     The '046 Patent is invalid for failure to meet the requirements of patentability of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**FIFTH COUNTERCLAIM**

24.     ClimateCraft realleges paragraphs 1 through 15 above.

25.     ClimateCraft does not infringe and has not infringed the '046 Patent.

## SIXTH COUNTERCLAIM

26.     ClimateCraft realleges paragraphs 1 through 15 above.

27.     The claims of the '046 Patent are unenforceable due to inequitable conduct, , as the applicant withheld material information from and/or misrepresented material information to the U.S. Patent and Trademark Office ("PTO") with the intent to deceive.  Upon information and belief, this information includes withheld knowledge of and/or misrepresentations regarding prior art.  ClimateCraft reserves the right to gather and rely on further evidence in support of its assertion that the patents in suit was procured through inequitable conduct and is therefore unenforceable.

## RESERVATION OF RIGHTS

ClimateCraft's investigation of the matters herein alleged is ongoing.  ClimateCraft expressly reserves its right, pursuant to FED. R. CIV. P. 15, to supplement or amend its Answer and Counterclaims upon further investigation.

## PRAYER FOR RELIEF

By reason of the foregoing, ClimateCraft requests judgment as follows:

1.      Dismissing Plaintiff's Complaint in its entirety;

2.      Declaring that ClimateCraft has not infringed and does not infringe any claim of the '775 Patent;

3.      Declaring that the '775 Patent is invalid;

4.      Declaring that the '775 Patent is unenforceable;

11

5. Declaring that ClimateCraft has not infringed and does not infringe any claim of the '046 Patent;

6. Declaring that the '046 Patent is invalid;

7. Declaring that the '046 Patent is unenforceable;

8. Declaring this case to be exceptional and awarding ClimateCraft its costs and its litigation expenses, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

9. Granting such other and further relief as the Court may deem just and equitable.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, ClimateCraft demands a jury trial on all issues triable of right by a jury.

Respectfully submitted,

Dated: May 6, 2008

/s/ Charles C. Kinne
Charles C. Kinne
KINNE IP GROUP
1240 Iroquois Avenue, Suite 204
Naperville, Illinois  60563
Telephone: 630.904.0940
Facsimile: 888.887.7158
ckinne@kinnelaw.com

*Attorney for ClimateCraft*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **CLIMATECRAFT, INC.'S AMENDED ANSWER, COUNTERCLAIMS AND JURY DEMAND TO HUNTAIR'S COMPLAINT** was served by ECF upon:

David T. Pritikin
Richard T. McCaulley Jr.
Stephanie P. Koh
Nicole E. Kopinski
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
dpritikin@sidley.com
rmccaulley@sidley.com
skoh@sidley.com
nkopinski@sidley.com

and

Carrie W. Cotter
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
(415) 772-1200
ccotter@sidley.com

this 6th day of May, 2008.

                                           /s/ Charles C. Kinne
                                          *Attorney for ClimateCraft, Inc.*