**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HUNTAIR, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6890 |
| | ) | |
| vs. | ) | The Honorable David H. Coar |
| | ) | |
| CLIMATECRAFT, INC. | ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF HUNTAIR, INC.'S MOTION TO STRIKE CLIMATECRAFT, INC.'S FOURTH AFFIRMATIVE DEFENSE AND TO DISMISS CLIMATECRAFT, INC.'S THIRD COUNTERCLAIM**

By this memorandum in support of its motion, Plaintiff Huntair, Inc. ("Huntair") respectfully moves the Court to strike ClimateCraft, Inc.'s ("ClimateCraft") Fourth Affirmative Defense and to dismiss ClimateCraft's Third Counterclaim. ClimateCraft has failed to plead its inequitable conduct defense and counterclaim with the requisite particularity. The Court should therefore strike ClimateCraft's inequitable conduct defense and dismiss ClimateCraft's inequitable conduct counterclaim pursuant to Fed.R.Civ.P. 9(b), 12(b)(6) and 12(f). In addition, because the deadline for the parties to amend their pleadings has expired, ClimateCraft can no longer plead inequitable conduct with particularity, so the Court should strike and dismiss with prejudice.

On the last day the parties could amend their pleadings, ClimateCraft moved for leave to file an Amended Answer, which the Court granted. ClimateCraft added a Fourth Affirmative Defense and a Third Counterclaim, each of which identically reads, in its entirety:

> The claims of the patent in suit are unenforceable due to inequitable conduct, as the applicant withheld material information from and/or

> misrepresented material information to the U.S. Patent and Trademark Office ("PTO") with the intent to deceive.  Upon information and belief, this information includes withheld knowledge of and/or misrepresentations regarding prior art.  ClimateCraft reserves the right to gather and rely on further evidence in support of its assertion that the patents in suit was [sic] procured through inequitable conduct and is therefore unenforceable.

ClimateCraft, Inc.'s Amended Answer, Counterclaims And Jury Demand to Huntair's Complaint, Doc. No. 38, at 6-7, 10.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court "may strike from a pleading an insufficient defense."  Because inequitable conduct is an allegation of fraud on the United States Patent & Trademark Office, it must be pled with particularity sufficient pursuant to Fed.R.Civ.P. 9(b).[1]  *Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) ("inequitable conduct, while a broader concept than fraud, must be pled with particularity"); *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1381 (Fed. Cir. 2006) ("generalized allegations lack the particularity required to meet the threshold level of deceptive intent necessary for a finding of inequitable conduct"); *DePuy, Inc. v. Zimmer Holdings, Inc.*, 343 F. Supp. 2d 675, 683 (N.D. Ill. 2004).  The party asserting inequitable conduct must set forth with particularity the specific activities allegedly giving rise to inequitable conduct.  *Catalina Marketing Intern., Inc. v. Coolsavings.Com, Inc.*, No. 00C2447, 2003 WL 21542487, *1 (N.D. Ill. Jul. 3, 2003) ("This requires pleading the 'who, where, when, and what' of the alleged inequitable conduct, along with a general allegation of intent to

---

[1] Inequitable conduct requires clear and convincing proof that (1) the applicant or others involved in prosecution withheld or misrepresented information to the PTO; (2) the information was material to prosecution; and (3) such person acted with the intent to deceive the PTO.  *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1229 (Fed. Cir. 2007); *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995).

deceive the Patent and Trademark Office."); *see also Videojet Sys. Intern. Inc. v. Eagle Inks Inc.*, 14 F. Supp. 2d 1046, 1049 (N.D. Ill. 1998).

ClimateCraft has not pled the who, where, when *or* what of Huntair's alleged inequitable conduct. ClimateCraft does not identify what information or prior art references Huntair allegedly withheld from or misrepresented to the PTO. ClimateCraft does not explain why any of these unnamed references would have been material to prosecution of the patents-in-suit. Furthermore, ClimateCraft does not identify any facts showing that Huntair allegedly acted with an intent to deceive the PTO. Instead, ClimateCraft simply states that the applicant withheld or misrepresented unidentified information to the PTO at an unidentified time without any providing any information concerning alleged intent or lack of intent. This is nothing more than a bare-boned assertion of inequitable conduct with no supporting facts whatsoever. ClimateCraft does not come close to pleading inequitable conduct with the particularity required to satisfy Rule 9(b). *See Wellman, Inc. v. Teijin Ltd.*, No. 06-C-1263, 2006 WL 2253081, *2 (E.D. Wis. Aug. 4 2006) (granting motion to strike "bare-bones statements" of inequitable conduct that failed to meet Rule 9(b) pleading standards); *Catalina*, 2003 WL 2154287, *1. Thus, the Court should strike the defense and dismiss the counterclaim.

The Federal Circuit frowns upon baseless allegations of inequitable conduct such as ClimateCraft's as a waste of judicial economy:

> [T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague. Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps. They get anywhere with the accusation in but a small percentage of the cases, but such charges are not inconsequential on that account. They destroy the respect for one another's integrity, for being fellow members of an honorable profession, that used to make the bar a valuable help to

3

> the courts in making a sound disposition of their cases, and to sustain the good name of the bar itself.  A patent litigant should be made to feel, therefore, that an unsupported charge of 'inequitable conduct in the Patent Office' is a negative contribution to the rightful administration of justice.

*Burlington Industries, Inc. v. Dayco Corp.,* 849 F.2d 1418, 1422 (Fed. Cir. 1988).; *see also Aventis Pharma S.A. v. Amphastar Pharmaceuticals, Inc.*, 2008 WL 2039065, *12 (Fed. Cir. May 14, 2008) (Rader, J., dissenting) ("[I]nequitable conduct has taken on a new life as a litigation tactic.  The allegation of inequitable conduct opens new avenues of discovery; impugns the integrity of patentee, its counsel, and the patent itself; [and] excludes the prosecuting attorney from trial participation (other than as a witness)."); *Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1328 (Fed. Cir. 2000) (upholding sanctions on patentee whose inequitable conduct claim was "so lacking in substance as to constitute a waste of the time and resources of all the participants.").

      ClimateCraft's Fourth Affirmative Defense and Third Counterclaim are nothing more than the skeleton framework of an allegation without any supporting facts.  By amending on the last possible day, ClimateCraft inserted a "placeholder" defense of inequitable conduct and presumably hopes to discover the requisite factual support at some point in the future.  This is precisely the type of meritless inequitable conduct claim that the Federal Circuit laments as a waste of time and judicial economy.  Because ClimateCraft has failed to plead inequitable conduct with particularity, the Court should strike ClimateCraft's Fourth Affirmative Defense and dismiss ClimateCraft's Third Counterclaim.  Furthermore, because ClimateCraft can no longer amend its pleadings to comply with Rule 9(b), the Court should strike and dismiss with prejudice.

Dated: May 20, 2008                                  Respectfully submitted,

                                            /s/ Richard T. McCaulley Jr.
                                            David T. Pritikin
                                            Richard T. McCaulley Jr.
                                            Stephanie P. Koh
                                            Nicole E. Kopinski
                                            SIDLEY AUSTIN LLP
                                            One South Dearborn Street
                                            Chicago, IL 60603
                                            Telephone:     (312) 853-7000
                                            Facsimile:      (312) 853-7036
                                            dpritikin@sidley.com
                                            rmccaulley@sidley.com
                                            skoh@sidley.com
                                            nkopinski@sidley.com

                                            Carrie W. Cotter
                                            SIDLEY AUSTIN LLP
                                            555 California Street, Suite 2000
                                            San Francisco, CA 94104
                                            Telephone     (415) 772-1200
                                            Facsimile     (415) 772-7400
                                            ccotter@sidley.com

                                            *Attorneys for Huntair, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May, 2008, I caused a copy of the foregoing document to be served by ECF upon:

>Charles C. Kinne
>KINNE IP GROUP
>1240 Iroquois Avenue
>Suite 204
>Naperville, IL  60563
>Telephone:     (630) 904-0940
>Facsimile:     (888) 887-7158
>ckinne@kinnelaw.com
>
>*Attorney for Defendants*

>/s/ Richard T. McCaulley Jr.
>Attorney for Plaintiff