Exhibit 18

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUTAIR, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLIMATECRAFT, INC.<br><br>　　　　Defendant. | Case No. 07 C 6890<br><br>Hon. Judge Coar<br><br>FEB 2 7 2008 |

## HUNTAIR, INC.'S OBJECTIONS AND RESPONSES TO CLIMATECRAFT'S FIRST SET OF INTERROGATORIES (NOS. 1-11)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Huntair, Inc. ("Huntair") hereby responds to ClimateCraft's First Set of Interrogatories (Nos. 1-11).

## GENERAL OBJECTIONS

Huntair incorporates by reference as if fully set forth herein, its general objections and objections to ClimateCraft's instructions as set forth in Huntair's Objections and Responses to ClimateCraft's First Set of Requests for Production (Nos. 1-115). Huntair further objects to ClimateCraft's interrogatories as containing multiple discrete subparts, and thus count as more than 11 interrogatories towards the total of 25 allowed by Fed. R. Civ. P. 33.

## SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 1

Identify by supplier name(s) and model number(s) any and all accused products that are alleged to infringe either of the patents in suit and, for each such product:

(a) identify each claim of either patent in suit that is asserted in this action to be infringed;

(b) show the factual basis for asserting infringement of each asserted claim of either of the patents in suit, including providing a claim chart and supporting documentation that demonstrates infringement of each element of each asserted claim;

(c) as to each element of each asserted claim of either of the patents in suit, state the Plaintiff's proposed construction of that element, identify all references (by column and line numbers) from the specification of the patent(s) that support, describe or explain such construction, identify all passages from the prosecution history of the patent(s), if any, that describe or explain such construction, identify any dictionary definition that supports such construction, identify any prior art that supports such construction, and identify any extrinsic evidence that supports such construction;

(d) explain for each asserted independent claim whether the claim requires independent control of individual fan units in a fan array; and

(e) for each limitation alleged to be met by a ClimateCraft product under the doctrine of equivalents, identify the function, way, and result of each said limitation and the function, way and result of the corresponding structure of the said ClimateCraft product(s).

## RESPONSE TO INTERROGATORY NO. 1

Plaintiff objects to this interrogatory as premature in light of the Court's Scheduling Order dated February 21, 2008 ("Scheduling Order"). The Scheduling Order provides specific dates for identification of asserted claims and products accused of infringement, exchange of claim construction positions, and expert discovery. Plaintiff will update this response as the various milestones of the Scheduling Order are reached by incorporating by reference the specific documents called for in that Order.

## INTERROGATORY NO. 2

With regard to Huntair's accusation of infringement of the patents in suit, state in detail all factual, including identification of all evidence, and legal bases for Huntair's assertion that "Plaintiff has been damaged and deprived of the gains and profits to which it is entitled. Furthermore, Plaintiff will continue to be damaged unless this Court enjoins ClimateCraft's infringing conduct," as reflected in Paragraphs 13 and 18 of the Complaint, including the type of damages claimed (e.g., lost profits, reasonable royalty, a combination of both, etc.), the dollar amount computation of each form of claimed damages, all profit and loss data and other data relied upon in support of the damages claimed, identify all products imported, made, sold, offered for sale, or used by Huntair that all within any claim of either of the patents in suit, and describe whether Huntair has always marked (and what efforts Huntair has made to do so) such products with notice of either of the patents in suit since the time the respective patents in suit issued.

## RESPONSE TO INTERROGATORY NO. 2

Plaintiff objects to this interrogatory as premature in light of the Scheduling Order. The Scheduling Order provides specific dates for expert discovery. Plaintiff has not yet formulated its damages theories, and will supplement this interrogatory as discovery progresses. Presently Plaintiff intends to pursue damages of not less than a reasonable royalty. Plaintiff has marked its products with the patent numbers and investigation continues concerning when that practice began.

**INTERROGATORY NO. 3**

With regard to Huntair's accusation of infringement of either of the patents in suit, describe with particularity Huntair's investigation of the accused products in this action, including the dates, individuals involved, and specific actions taken to undertake such investigation.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff objects to this interrogatory as immune from discovery as attorney work product, and as implicating communications protected by the attorney-client privilege.

**INTERROGATORY NO. 4**

Separately for each claim of the patents in suit, state the following:

a. The date of conception and the date of the reduction to practice of the claimed subject matter.

b. The acts or events that constitute such conception and reduction to practice;

c. The documents, acts, events, communications or witnesses that can corroborate such conception and reduction to practice, including all relevant dates, places and persons involved;

d. the first disclosure of the claimed subject matter;

e. the first offer for sale of the claimed subject matter;

f. the first sale of the claimed subject matter;

g. the first public use of the claimed subject matter; and

h. describe the facts and circumstances establishing the same, including an identification of every person involved therein.

**RESPONSE TO INTERROGATORY NO. 4**

Plaintiff objects to this interrogatory as premature. Plaintiff further objects to the extent the interrogatory calls for "all relevant dates, places and persons involved" and "every person involved therein" as unduly burdensome. Investigation continues, but Plaintiff's present position is that the claimed subject matter was conceived in or about November of 2002, and reduced to

4

practice in or about March of 2003. Plaintiff will produce records, subject to an appropriate Protective Order, from which the remainder of the requested information can be determined, and will rely on the provisions of Fed. R. Civ. P. 33(d) for it response as the burden associated with deriving the requested information will be substantially the same for the Defendant as it would be for the Plaintiff.

**INTERROGATORY NO. 5**

Identify each patent, publication, activity or thing that constitutes prior art to any claim of either of the patents in suit, including but not limited to:

a. Prior art identified during the prosecution of any patents, whether U.S. or foreign, claiming the benefit of the priority date of any of either of the patents in suit; and

b. Prior art identified by anyone against whom infringement of either of the patents in suit was alleged or to whom notice of either of the patents in suit was given, whether such allegation of infringement was by letter, orally, or by filing of a complaint.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiff objects to this interrogatory as overly broad and unduly vague. Plaintiff further objects to this interrogatory as premature in light of the Scheduling Order. Plaintiff will update this response as the various milestones of the Scheduling Order are reached by incorporating by reference the specific documents called for in that Order, including expert discovery.

Plaintiff will produce records, subject to an appropriate Protective Order, from which the specific information requested by sub-parts "a" and "b" can be determined (to the extent it exists), and will rely on the provisions of Fed. R. Civ. P. 33(d) for it response as the burden associated with deriving the requested information will be substantially the same for the Defendant as it would be for the Plaintiff. Those documents are presently being gathered for production. The documents relied on for this response will be identified by document number after production.

**INTERROGATORY NO. 6**

Separately for each of the patents in suit, state Huntair's contention as to:

a. The scope and content of the prior art at the time the application was filed;

b. The level of ordinary skill in the relevant art at the time the application was filed;

c. The difference between the prior art identified and the subject matter of each of the claims of the patents; and

d. The facts showing any objective evidence that the differences between the prior art and the subject matter of each of the claims of the patent would not have been obvious differences at the time the invention was made.

**RESPONSE TO INTERROGATORY NO. 6**

Plaintiff objects to this interrogatory as premature in light of the Court's Scheduling Order. The Scheduling Order provides specific dates for identification of asserted claims and products accused of infringement, exchange of claim construction positions, claim construction proceedings and expert discovery. Plaintiff further objects as the interrogatory purports to obligate Plaintiff to provide information beyond the obligations required by the Federal Rules of Civil Procedure, and unduly burdensome to the extent that it obligates Plaintiff to investigate the "scope and content of the prior art at the time the application was filed." Plaintiff will update this response as the various milestones of the Scheduling Order are reached by incorporating by reference the specific documents called for in that Order.

**INTERROGATORY NO. 7**

Identify all persons and/or entities licensed under either of the patents in suit and/or who have settled a claim of infringement relating to either of the patents in suit, and identify all documents relating thereto.

**RESPONSE TO INTERROGATORY NO. 7**

Plaintiff will produce records, subject to an appropriate Protective Order, from which the requested information can be determined, and will rely on the provisions of Fed. R. Civ. P. 33(d)

for it response as the burden associated with deriving the requested information will be substantially the same for the Defendant as it would be for the Plaintiff

## INTERROGATORY NO. 8

Identify all persons and/or entities with whom Huntair has communicated regarding the subject matter of either of the patents in suit, and identify the communications, including:

(a) any infringement claim, allegation, suit, assertion of potential infringement or assertion of possible infringement;

(b) any communication with customers or potential or prospective customers of Huntair;

(c) any communication with customers or potential or prospective customers of any third party.

(d) any communication with customers or potential or prospective customers of ClimateCraft; and

(e) any communication with anyone regarding Huntair's allegations of infringement against ClimateCraft.

## RESPONSE TO INTERROGATORY NO. 8

Plaintiff objects to this interrogatory as overly broad and unduly burdensome as calling for identification of "all" communications as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent this interrogatory calls for information immune from discovery as attorney work product or attorney-client communications. Plaintiff further objects to the extent that the term "subject matter of either of the patents in suit" is vague and ambiguous. Plaintiff will answer this interrogatory with respect to communications that refer to the patents themselves. Subject to and without waiving the foregoing objections, Plaintiff will produce records, subject to an appropriate Protective Order, from which such communications can be identified, and will rely on the provisions of Fed. R. Civ. P. 33(d) for it response as the burden associated with deriving the

7

requested information will be substantially the same for the Defendant as it would be for the Plaintiff.

## INTERROGATORY NO. 9

Identify all persons and/or entities with whom Huntair has entered into negotiations with, whether formal or informal, regarding potential or actual licenses of either of the patents in suit, related patents, or any patent, including the identification of specific individuals involved in negotiating, preparing or executing the license.

## RESPONSE TO INTERROGATORY NO. 9

Plaintiff objects to this interrogatory to the extent it calls for identification of "related patents, or any patent" as not reasonable calculated to lead to the discovery of admissible evidence, and unduly vague. As for the patents in suit, there are no such formal or informal negotiations regarding potential or actual licenses other than the licenses with related companies referenced in response to Interrogatory 7, above.

## INTERROGATORY NO. 10

Identify every person who provided documents or information in the preparation of Huntair's responses to any of Defendant's requests for production of documents and things or Huntair's answers to any of Defendant's interrogatories.

## RESPONSE TO INTERROGATORY NO. 10

    John Albert

    Dave Benson

    Larry Hopkins

    Greg Lanz

    Brian Metland

    Jim Tarala

    Al Passadore

    Brennen Raebel

**INTERROGATORY NO. 11**

Fully describe each transfer of ownership or any other rights under either of the patents in suit and state the full amount of any consideration exchanged, such as royalties, one-time payments, periodic payments and cross-licenses, including, but not limited to, the licenses or assignments by the inventor, on the one hand, and Huntair, on the other hand.

**RESPONSE TO INTERROGATORY NO. 11**

Plaintiff will produce records, subject to an appropriate Protective Order, from which the remainder of the requested information can be determined, and will rely on the provisions of Fed. R. Civ. P. 33(d) for it response as the burden associated with deriving the requested information will be substantially the same for the Defendant as it would be for the Plaintiff.

Dated: February 25, 2008

As to objections,

By: _/s/ Richard T. McCaulley_
David T. Pritikin
Richard T. McCaulley
Stephanie P. Koh
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

*Attorneys for Plaintiff Huntair, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2008, a true and correct copy of the foregoing document, HUNTAIR, INC.'S OBJECTIONS AND RESPONSES TO CLIMATECRAFT'S FIRST SET OF INTERROGATORIES (NOS. 1-11), was served via United States Mail, postage prepaid, to the following counsel for Defendant ClimateCraft, Inc.:

    Charles C. Kinne
    FITCH, EVEN, TABIN & FLANNERY
    120 South LaSalle Street, Suite 1600
    Chicago, IL 60603
    Telephone: 312-577-7000
    Facsimile: 312-577-7007

*/s/ Nicole E. Kopinski*
Nicole E. Kopinski

CH1 4161298v.1