# Exhibit 31

Case 1:07-cv-06890   Document 55-34   Filed 07/03/2008   Page 2 of 11



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/154,894 | 06/15/2005 | Lawrence G. Hopkins | HTR007-3C US | 2747 |

| 34036 | 7590 | 03/08/2006 |
|---|---|---|

SILICON VALLEY PATENT GROUP LLP
2350 MISSION COLLEGE BOULEVARD
SUITE 360
SANTA CLARA, CA  95054

| EXAMINER |
|---|
| NGUYEN, NINH H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3745 | |

DATE MAILED: 03/08/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

CL 498

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 11/154,894 | HOPKINS, LAWRENCE G. |
| | Examiner | Art Unit |
| | Ninh H. Nguyen | 3745 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

## Period for Reply

**A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.**
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☐ Responsive to communication(s) filed on _____.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) *1-20* is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) *1-20* is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on *15 June 2005* is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some *   c) ☐ None of:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date *06/15/05, 01/17/06*.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

Application/Control Number: 11/154,894                                                                Page 2
Art Unit: 3745

## DETAILED ACTION

### *Double Patenting*

1.   A rejection based on double patenting of the "same invention" type finds its support in the language of 35 U.S.C. 101 which states that "whoever invents or discovers any new and useful process ... may obtain <u>a</u> patent therefor ..." (Emphasis added). Thus, the term "same invention," in this context, means an invention drawn to identical subject matter. See *Miller v. Eagle Mfg. Co.*, 151 U.S. 186 (1894); *In re Ockert*, 245 F.2d 467, 114 USPQ 330 (CCPA 1957); and *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970).

   A statutory type (35 U.S.C. 101) double patenting rejection can be overcome by canceling or amending the conflicting claims so they are no longer coextensive in scope. The filing of a terminal disclaimer <u>cannot</u> overcome a double patenting rejection based upon 35 U.S.C. 101.

2.   Claims 1, 12, and 16 are provisionally rejected under 35 U.S.C. 101 as claiming the same invention as that of claims 5, 1, and 31 of copending Application No. 10/806,775. This is a <u>provisional</u> double patenting rejection since the conflicting claims have not in fact been patented.

3.   The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. A nonstatutory obviousness-type double patenting rejection is appropriate where the conflicting claims are not identical, but at least one examined application claim is not patentably distinct from the reference claim(s) because the examined application claim is either anticipated by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).
   A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent either is shown to be commonly owned with this application, or claims an invention made as a result of activities undertaken within the scope of a joint research agreement.
   Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

CL 500

Application/Control Number: 11/154,894                                                                 Page 3
Art Unit: 3745

4.      Claims [1], [2], [3], [4], [5], [7], [8], [9], [10], [11], [13], [14], [15], [16], [17], [18], [19], and [20] are provisionally rejected on the ground of nonstatutory obviousness-type double patenting as being unpatentable over claims [1, 31], [1], [2], [3], [4], [7], [8], [9], [10], [21], [25], [27], [29], [1, 32], [32], [1, 43], [25], and [29], respectively of copending Application No. 10/806,775. Although the conflicting claims are not identical, they are not patentably distinct from each other because claims [1, 31], [1], [2], [3], [4], [7], [8], [9], [10], [21], [25], [27], [29], [1, 32], [32], [1, 43], [25], and [29] of the copending '775 patent application "anticipates" application claims [1], [2], [3], [4], [5], [7], [8], [9], [10], [11], [13], [14], [15], [16], [17], [18], [19], and [20]. Accordingly, application claims [1], [2], [3], [4], [5], [7], [8], [9], [10], [11], [13], [14], [15], [16], [17], [18], [19], and [20] is not patentably distinct from the copending '775 patent application claim [1, 31], [1], [2], [3], [4], [7], [8], [9], [10], [21], [25], [27], [29], [1, 32], [32], [1, 43], [25], and [29]. Here, copending '775 application claim 1 requires (A) at least six fan units (B) arranged in a fan array, (C) the fan array is positioned in an air-handling compartment; and (D) an array controller; while application claim 1 only requires elements (A), (B), (C) and (E) the air-handling compartment is positionable within a structure to condition the air of the structure. It appears that the fan array fan section of claim 1 of the copending '775 application inherently can be positioned within a structure to condition the air of that structure. Thus it is apparent that the more specific copending '775 application claim 1 encompasses application claim 1. Following the rationale in In re Goodman cited in the preceding paragraph, where applicant has once been granted a patent containing a claim for the specific or narrower invention, applicant may not then obtain a second patent with a claim for the generic or broader invention without first submitting an appropriate terminal disclaimer. Note that since

CL 501

Application/Control Number: 11/154,894 Page 4
Art Unit: 3745

Application claim 1 is anticipated by copending '775 application claim 1 and since anticipation is the epitome of obviousness, then Application claim 1 is obvious over copending '775 application claim 1.

This is a <u>provisional</u> obviousness-type double patenting rejection.

### *Claim Rejections - 35 USC § 102*

5. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

6. Claims 1-3, 5, 6, 9, and 14-17 are rejected under 35 U.S.C. 102(b) as being anticipated by Ray (5,701,750).

Ray discloses a fan array fan section in an air-handling system (Figs. 1-5) comprising an air-handling compartment 22 (Fig. 1); a plurality of fan units 1-4; the plurality of fan units arranged in a fan array (Fig. 1); the fan array having at least one fan unit arranged vertically on at least one other fan unit; the fan array positioned within the air-handling compartment; and the air-handling compartment positionable within a structure such that the air-handling system conditions the air of the structure (Fig. 1);

wherein the fan array fan section further comprises an array controller to inherently operate the plurality of fan units at peak efficiency by strategically turning on and off selective ones of the plurality of fan units;

wherein the plurality of fan units are arranged in a true array configuration (Fig. 1);

CL 502

Application/Control Number: 11/154,894                                                                Page 5
Art Unit: 3745

wherein each of the plurality of fan units is inherently mounted in a grid system (Fig. 1);

wherein the fan array fan section further comprising an array controller for controlling the plurality of fan units, the array controller is inherently operates the fan units at a stable operating point and eliminate the surge effects;

wherein the fan array fan section further comprising an array controller for controlling the plurality of fan units, the array controller inherently controls the speed of each of the plurality of fan units to run at substantially peak efficiency;

wherein the fan array fan section further comprising an array controller for operating the plurality of fan units at peak efficiency by strategically turning on and off selective ones of the plurality of fan units.

7.      Claims 1-3, 5, 9, and 14-17 are rejected under 35 U.S.C. 102(b) as being anticipated by Neidhardt et al. (4,021,213).

Neidhardt discloses a fan array fan section in an air-handling system (Figs. 1-4) comprising an air-handling compartment 22 (Fig. 2); a plurality of fan units; the plurality of fan units arranged in a fan array (Fig. 21); the fan array having at least one fan unit arranged vertically on at least one other fan unit; the fan array positioned within the air-handling compartment; and the air-handling compartment positionable within a structure 12 such that the air-handling system conditions the air of the structure (Fig. 1);

wherein the fan array fan section further comprises an array controller to inherently operate the plurality of fan units at peak efficiency by strategically turning on and off selective ones of the plurality of fan units (Fig. 4; col. 4, lines 63-67);

Application/Control Number: 11/154,894    Page 6
Art Unit: 3745

wherein the plurality of fan units are arranged in a true array configuration (Fig. 1);

wherein each of the plurality of fan units is mounted in a grid system (Fig. 1);

wherein the fan array fan section further comprising an array controller (Fig. 4) for controlling the plurality of fan units, the array controller is inherently operates the fan units at a stable operating point and eliminate the surge effects;

wherein the fan array fan section further comprising an array controller (Fig. 4) for controlling the plurality of fan units, the array controller inherently controls the speed of each of the plurality of fan units to run at substantially peak efficiency;

wherein the fan array fan section further comprising an array controller (Fig. 4) for operating the plurality of fan units by strategically turning on and off selective ones of the plurality of fan units (col. 4, lines 63-67).

8.    Claims 1 and 10 are rejected under 35 U.S.C. 102(b) as being anticipated by Krofchalk (5,370,576).

Krofchalk discloses a fan array fan section in an air-handling system (Figs. 1-5) comprising an air-handling compartment 18 (Fig.5); a plurality of fan units; the plurality of fan units arranged in a fan array (Fig. 5); the fan array having at least one fan unit arranged vertically on at least one other fan unit; the fan array positioned within the air-handling compartment; and the air-handling compartment positionable within a structure (col. 2, lines 12-18) such that the air-handling system conditions the air of the structure (Fig. 5);

wherein each of the plurality of fan units has a fan wheel diameter, wherein spacing between the plurality of fan units is less than 60% of the fan wheel diameter (Fig. 5).

Application/Control Number: 11/154,894                                                           Page 7
Art Unit: 3745

## *Claim Rejections - 35 USC § 103*

9.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

10. Claim 4 is rejected under 35 U.S.C. 103(a) as being unpatentable over Ray.

Ray discloses all the limitations except an airway path of less than 72 inches as claimed.

Since the applicant has not disclosed that having an airway path of less than 72 inches solves any stated problem or is for any particular purpose above the fact that an airway path is required for the fan array fan section to function properly ,and it appears that the airway path of the fan array fan system of Ray would perform equally well with the dimensions as defined claimed by applicant, it would have been an obvious matter of design choice to modify the airway path of the fan array fan system of Ray by utilizing the specific dimensions as claimed.

11. Claim 4 is rejected under 35 U.S.C. 103(a) as being unpatentable over Ray in view of O'connell (3,156,233).

Ray discloses all the limitations except the each of the plurality of fan units is not positioned within a fan unit chamber having at least one acoustically absorptive insulation surface as claimed.

O'connell teaches an air handling apparatus comprising a fan chamber 14, a fan 20 and a motor 26; wherein the fan chamber comprising a layer of filter medium 37 to provide sealing, vibration absorption and sound attenuation (col. 2, lines 5-11).

CL 505

Application/Control Number: 11/154,894  Page 8
Art Unit: 3745

It would have been obvious for a person having ordinary skill in the art at the time of the invention was made to make the fan array fan section of Ray with a layer of filter material for the purpose of providing sealing, vibration absorption and sound attenuation as taught by O'connell.

12.   Claim 4 is rejected under 35 U.S.C. 103(a) as being unpatentable over Krofchalk.

Krofchalk discloses all the limitations including a back draft dampener 28 (Fig. 5) for both fan units. However, Krofchalk does not disclose an array of backdraft dampeners wherein each backdraft dampener in line with a respective fan unit as claimed.

It would have been obvious for a person having ordinary skill in the art at the time of the invention was made to make the fan array fan section of Krofchalk with an array of backdraft dampeners wherein each backdraft dampener in line with a respective fan unit as an expedience for providing backdraft dampener for the fans.

### *Prior Art*

The prior art made of record but not relied upon is considered pertinent to applicant's disclosure and consists of 1 patent.

Osborne et al. (6,792,766) is cited to show a fan array configuration.

Application/Control Number: 11/154,894                                              Page 9
Art Unit: 3745

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Examiner Ninh Nguyen whose telephone number is (571) 272-4823. The examiner can be normally reached on Monday-Friday from 7:30 A.M. to 5:00 P.M.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Edward Look, can be reached at (571) 272-4820. The fax number for this group is (571) 273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, please go to http://pair-direct.uspto.gov or contact the Electronic Business center (EBC) at 866-217-9197 (toll-free).

*/Ninh H. Nguyen/*
**NINH H. NGUYEN**
**PRIMARY EXAMINER**

Nhn
March 6, 2006

CL 507